UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES N. BROWN** | **:** | **CIVIL ACTION NO. 2:16-cv-264** |
| **REG. #20902-017** | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE TRIMBLE** |
| **WARDEN, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner James N. Brown ("Brown"). Brown is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
### BACKGROUND

On March 11, 2011, Brown pleaded guilty in the Northern District of Florida to conspiracy to possess and distribute pseudoephedrine with knowledge that it would be used to manufacture methamphetamine. Doc. 1, p. 2. On June 21, 2011, he was sentenced to 188 months imprisonment and three years of supervised release. *Id.* He did not appeal. *Id.*

On June 5, 2012, Brown filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the Northern District of Florida. *Id.* at doc. 362. The motion was denied on January 26,

2015. *Id.* at docs. 407–409. On August 4, 2015, Brown's sentence was reduced to 151 months imprisonment. *Id.* at doc. 445.

Brown filed the instant § 2241 *habeas* petition claiming that the government and court erred in calculating the drug amount and imposed an illegal sentence. Brown asks the court to vacate his illegal sentence. Doc. 7, p. 8; doc. 1, p. 11. He relies on *United States v. Hester*, 565 Fed. App'x 817 (11th Cir. 2014) (unpublished), to support his claim for relief. Doc. 1, p. 6.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Reed collaterally attacks his incarceration by challenging his conviction and the sentence imposed, not the execution of his sentence. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A prisoner seeking such relief under the savings clause must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by

circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830.

Brown does not satisfy the criteria set forth above. He has pointed to no retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised. Even if he had argued that his cited case applied retroactively to his case, his reliance would be misplaced. A new rule is only retroactively applicable in limited circumstances. These include "substantive, non-constitutional decisions concerning the reach of a federal statute," which are characterized by their articulation of the elements that the government must prove in order to obtain a conviction. *Garland v. Roy*, 615 F.3d, 3976–97 (5th Cir. 2010) (internal quotations and alterations omitted).

Brown's allegations are thus insufficient to invoke the savings clause. Accordingly, his claims are not properly brought under § 2241 and this court lacks jurisdiction to consider them under § 2255. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the application for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses thereto.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 1st day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE